# Exhibit A

Superior Court of Cherokee County
**E-Filed**
24CVE1903
9/17/2024 11:15 AM  BZ
Patty Baker, Clerk
Civil Division

# IN THE SUPERIOR COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALISON SCHULTZ, *individually, and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>AMB MEDIA LLC D/B/A LEGACYBOX,<br><br>Defendant. | Case No.:<br><br>24CVE1903<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Alison Schultz ("Schultz"), individually, and on behalf of all others similarly situated, and for her Class Action Complaint against Defendant AMB Media, LLC d/b/a LegacyBox ("Defendant"), states:

### INTRODUCTION AND BACKGROUND ON THE TCPA

1. Schultz brings this case to protect the privacy rights of herself and a class of similarly situated people who were sent text messages on their phones by Defendant. More specifically, Defendant repeatedly sent text messages to Schultz and the putative class members after Schultz and the putative class members expressly requested that Defendant stop sending them text messages.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to

1

be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. The TCPA affords special protections for people who request to be placed on a company's internal do not call list. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after requesting to be placed on the company's internal do not call list is entitled to recover damages of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4. Unfortunately, receiving unwanted telemarketing communications in a rampant problem in this country. For example, in the first eight months of 2024 alone, approximately 34.3 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited Sep. 3, 2024). The private right of enforcement of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined*

*Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant because Defendant transacts business in Georgia, advertises its products and services in Georgia, sends telemarketing text messages to persons in Georgia (like Schultz), sells its various products and services in Georgia, and otherwise has continuous and systematic contacts with the State of Georgia.

6. Defendant also knowingly and purposefully availed itself to Georgia by sending telemarketing text messages to Schultz at her "678" area code, which is associated with the State of Georgia.

7. Schultz experienced the annoyance, frustration, and disruption from Defendant's telemarketing text messages, as described in this Complaint, while present in Cherokee County, Georgia.

8. Venue is proper as a substantial portion of the events giving rise to the claim arose in this County.

## PARTIES

9. Schultz is an individual who at all times material to this Complaint

has resided in Canton, Georgia and is and has been a citizen of the State of Georgia.

10. Schultz brings this action on behalf of herself and all others similarly situated.

11. Schultz's claims do not concern Defendant's products or services, nor do they have to do with Defendant's website. Rather, Schultz's claims relate solely to text messages she received from Defendant after requesting that Defendant stop sending her text messages.

12. Defendant is a limited liability company organized under the laws of the State of Tennessee, and, at all times relevant to this Complaint has been in good standing to transact business in Georgia and throughout the United States.

13. Defendant's business is old tapes, film, pictures and audio, and converting those items into a digital format.

14. Defendant charges a fee for its products and services.

15. Defendant markets its products and services, in part, through sending text message advertisements to consumers' cell phones.

16. On information and belief, Defendant advises consumers that if they respond "Stop" to a text message from Defendant that they will no longer send text messages to the consumer's cell phone and that consumer's phone number will be removed from Defendant's text message list.

## THE MARKETING TEXT MESSAGES SENT TO SCHULTZ

17. Schultz is the owner of a cell phone. Her phone number is 678-XXX-3865.

18. Schultz's phone is a residential line that is used primarily for personal purposes, namely, to communicate with friends and family members.

19. Schultz's cell phone account is held in her personal name.

20. On or about July 29, 2024, Schultz received a marketing text message from Defendant, stating, "Legacybox: Early access to our best deal! Convert your tapes and film for just $9 (Reg $27.50). That's over 60% off! https://legacybox.attn.tv/aUWln_MOf3lm."

21. Not wanting to receive further text messages from Defendant, Schultz responded to the text message on July 30, 2024, by texting, "Stop."

22. Defendant, however, did not stop sending Schultz text messages. On August 12, 2024, Defendant sent Schultz a marketing text message, stating, "LegacyBox: BE QUICK! Up to 70% OFF is here . . . Order today to get started preserving your tapes + photos for only $19. https://legacybox.attn.tv/a37buEUnKJtR."

23. On August 19, 2024, Defendant sent Schultz a marketing text message, stating, "Legacybox: This sale is gold … 50% OFF! Join over 1 million

5

families who've trusted us to preserve their past. https://legacybox.attn.tv/apmB7R8m10iy."

24. On August 26, 2024, Defendant sent Schultz a marketing text message, stating, "Legacybox: ! ! ! SURPRISE ! ! ! You earned EARLY ACCESS to our Labor Day Sale. 55% OFF All Legacybox Sizes. Shop Sale > https://legacybox.attn.tv/aa8HgsaHEBqx7."

25. On September 4, 2024, Defendant sent Schultz a marketing text message, stating, "Legacybox: What memories are trapped on your VHS tapes? Stop wondering and start digitizing. Shop $9 Tape Transfers! https://legacybox.attn.tv/a437Z0j9e9H."

26. On September 16, 2024, Defendant sent Schultz a marketing text message, stating, "Legacybox: Do we need a reason? Up to 60% off Legacybox E-deals. Convert your tapes and photos to digital today! https://legacybox.attn.tv/aXZJoyVM9DG5."

27. Defendant's conduct violated the privacy rights of Schultz and the putative class members, as they were subjected to annoying and harassing text messages. Defendant's text messages intruded upon the rights of Schultz and the putative class members to be free from invasion of their interest in seclusion.

28. Defendant's conduct caused Schultz and the putative class members to waste time addressing and/or otherwise responding to the unwanted text messages.

29. On information and belief, Defendant sent text messages to Schultz and the putative class members for the purpose of selling its products and services.

## Class Allegations

30. Pursuant to Rules 23(a), (b)(2) and (b)(3) of the applicable rules of civil procedure, Schultz brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of Rule 23.

31. Schultz seeks to represent the following class:

> All persons in the United States from four years prior to the filing of this action through class certification to whom: (1) Defendant sent text messages marketing its products or services, (2) Defendant sent more than one text message to the person in a twelve-month period, and, (3) Defendant sent such text messages after the person requested that Defendant stop sending them text messages by responding to a text message with the word "stop."

32. Schultz reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

33. The members of the proposed classes are so numerous that joinder of all members is impracticable. Schultz reasonably believes that hundreds or thousands of people have been harmed by Defendant's actions. Records of the

7

phone numbers of the putative class members and the text message correspondence with the putative members are readily identifiable through records available to Defendant.

34. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

35. On information and belief, Defendant has texted and continues to text people who have requested that Defendant stop texting them, *i.e.*, to be placed on Defendant's internal do not call list. It is reasonable to expect that Defendant will continue to send such text messages absent this lawsuit.

36. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

a. Whether Defendant sent text messages to Schultz and the putative class members after they requested that Defendant no longer send them text messages;

b. Whether Defendant's conduct violates 47 U.S.C. § 227(c);

  c. Whether Defendant's conduct violates the rules and regulations implementing the TCPA; and,

  d. Whether Defendant and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct.

  37. Schultz's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

  38. Schultz and her counsel will fairly and adequately protect the interests of the members of the proposed class. Schultz's interests do not conflict with the interests of the proposed class she seeks to represent. Schultz has retained lawyers who are competent and experienced in class action litigation, including TCPA litigation and consumer law.

  39. Schultz's counsel will vigorously litigate this case as a class action, and Schultz and her counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

  40. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action

is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

41. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

42. Questions of law and fact, particularly the propriety of sending text messages to persons who requested that Defendant no longer text them, *i.e.*, to place them on Defendant's internal do not call list, predominate over questions affecting only individual members.

43. Defendant has acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

**Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.***

44. Schultz incorporates by reference the allegations of the previous

paragraphs as if fully stated in this Count.

45. The TCPA provides that "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may recover $500 for each violation, and up to $1,500 for each violation, if the violation is determined to be willful. *See* 47 U.S.C. § 227(c)(5).

46. The regulations prescribed under Section 227(c) require companies like Defendant, who engage in telemarketing to effectively institute "procedures for maintaining a list of persons who request not to receive telemarketing calls on or behalf of that person or entity." *See* 47 C.F.R. § 64.1200(d).

47. These procedures must meet several minimum standards, including, but not limited to:

> **(1)** *Written policy.* Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2)** *Training of personnel engaged in telemarketing.* Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> **(3)** *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place

11

the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

**(4)** *Identification of sellers and telemarketers.* A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

**(5)** *Affiliated persons or entities.* In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

**(6)** *Maintenance of do-not-call lists.* A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

*See* 47 C.F.R. § 64.1200(d)(1)-(6).

48. Defendant failed to maintain and/or implement these minimum standards by repeatedly sending text messages to Schultz and the putative class members after Schultz and the putative class members requested that Defendant stop sending them text messages.

49. In addition, the TCPA allows the Court to enjoin Defendant from sending text messages to phone numbers that should have been placed on Defendant's internal do not call list. *See* 47 U.S.C. §§ 227(c)(5)(A).

50. By sending text messages to the phones of Schultz and the putative class members after their numbers should have been placed on Defendant's internal do not call list, Defendant violated the TCPA, including, but not limited to, 47 U.S.C. § 227(c) and the TCPA's corresponding regulations.

51. Defendant knew or should have known that Schultz and the putative class members did not wish to receive text messages as such persons expressly advised Defendant that they did not wish to receive text messages from Defendant, and Defendant promised it would no longer send such messages.

52. Schultz and the putative class members are entitled to damages of $500.00 per violation for each text message sent by Defendant in violation of the TCPA and up to $1,500.00 per violation if the Court finds that Defendant willfully violated the TCPA.

## Demand for Judgment

WHEREFORE Plaintiff Alison Schultz, individually, and on behalf of all others similarly situated, requests the Court enter judgment in her and the class member's favor and against Defendant AMB Media, LLC d/b/a LegacyBox, and grant the following relief:

A.  Enter an order against Defendant certifying this action as a class action and appointing Schultz as the class representative;

B.  Enter an order appointing Skaar & Feagle LLP and Butsch Roberts & Associates LLC as counsel for the class;

C.  Enter judgment in favor of Schultz and the putative class for all damages available under the TCPA, including statutory damages of up to $500 per violation of the TCPA, or up to $1,500 per violation of the TCPA if Defendant willfully violated the TCPA;

D.  Enter judgment in favor of Schultz and the putative class that enjoins Defendant from violating the TCPA's regulations prohibiting Defendant from sending text messages to persons who have requested that Defendant stop texting them;

E.  Award Schultz and the class all expenses of this action, and require that Defendant pay the costs and expenses of class notice and administration; and,

F.  Award Schultz and the class such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Alison Schultz demands a jury trial in this case.

| | |
|---|---|
| SKAAR & FEAGLE LLP | BUTSCH ROBERTS & ASSOCIATES LLC |
| */s/ Justin T. Holcombe* | */s/ Christopher E. Roberts* |
| Justin T. Holcombe #552100 | Christopher E. Roberts (pro hac vice forthcoming) |
| 133 Mirramont Lake Drive | 7777 Bonhomme Avenue, Suite 1300 |
| Woodstock, Georgia 30189 | Clayton, MO 63105 |
| Phone: (770) 427-5600 | Telephone: (314) 863-5700 |
| Fax: (404) 601-1855 | croberts@butschroberts.com |
| jholcombe@skaarandfeagle.com | |

*Attorneys for Plaintiff*

IN THE SUPERIOR/~~_____~~ COURT OF **CHEROKEE** COUNTY

## STATE OF GEORGIA

ALISON SCHULTZ

CIVIL ACTION NUMBER **24CVE1903**

**PLAINTIFF**

Vs.

AMB MEDIA LLC D/B/A LEGACYBOX

c/o its registered agent: INCORP SERVICES, INC.

1585 MALLORY LN, Suite 104, BRENTWOOD, TN 37027-3036

**DEFENDANT**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Justin T. Holcombe
> Skaar & Feagle LLP
> 133 Mirramont Lake Drive
> Woodstock, GA 30189

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____9/17/2024_____, _____.

Clerk of Superior Court/State Court

By: _Cassidy Hill_ (signature)

Deputy Clerk

SC-1 Rev. 85

**General Civil and Domestic Relations Case Filing Information Form**

Superior Court of Cherokee County
**E-Filed**
24CVE1903
9/17/2024 11:15 AM  BZ
Patty Baker, Clerk
Civil Division

☒ Superior or ☐ State Court of  Cherokee County  County

**For Clerk Use Only**

Date Filed  9/17/2024                            Case Number  24CVE1903
            MM-DD-YYYY

**Plaintiff(s)**
Schultz, Alison
_____
Last         First         Middle I.    Suffix    Prefix

_____
Last         First         Middle I.    Suffix    Prefix

_____
Last         First         Middle I.    Suffix    Prefix

_____
Last         First         Middle I.    Suffix    Prefix

**Defendant(s)**
AMB Media LLC
_____
Last         First         Middle I.    Suffix    Prefix

_____
Last         First         Middle I.    Suffix    Prefix

_____
Last         First         Middle I.    Suffix    Prefix

_____
Last         First         Middle I.    Suffix    Prefix

**Plaintiff's Attorney** _____  **Bar Number** _____  **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____         _____
Case Number                                Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                  Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.18

Superior Court of Cherokee County
**E-Filed**
24CVE1903
9/26/2024 3:30 PM TB
Patty Baker, Clerk
Civil Division

## AFFIDAVIT OF SERVICE

| Case:<br>24CVE1903 | Court:<br>Superior | County:<br>Cherokee | Job:<br>11538622 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Alison Schultz | | **Defendant / Respondent:**<br>AMB MEDIA LLC | |
| **Received by:**<br>GoldenCoastLegal | | **For:** | |
| **To be served upon:**<br>AMB MEDIA LLC Registered Agent Incorp Services, Inc. | | | |

I, Marcus Watson , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Rachel Goodall /1585 Mallory Lane, Suite 104, Brentwood, TN 37027
**Manner of Service:**          Corporate Service on 9-20-24 at 12:29pm
**Documents:**                  Summons, Complaint

**Additional Comments:**

_____    09/25/2024
Marcus Watson                      Date